HARDY, Judge.
This is an action by plaintiff seeking the annulment of a workmen’s compensation compromise settlement judgment and praying for an award of compensation as for permanent total disability, medical expenses and statutory penalties. From judgment in favor of defendants, the plaintiff’s employer and its insurer, rejecting plaintiff’s demands, he prosecutes this appeal.
The issue presented by this case is purely factual, there being no basis for dispute as to the applicable principles of law.
Plaintiff, injured in the course of his employment, was paid compensation by his employer’s insurer for twenty-seven weeks, together with medical expenses, following which period a joint petition by plaintiff, his employer, American Creosote Works, Inc., and its compensation insurer, Liberty Mutual Insurance Company, was presented to the court, praying for authorization and approval of a compromise settlement and judgment in accordance therewith. The *779 formalities in connection with the compromise are regular in form and content in accordance with the statutory provisions. A court appointed attorney approved the compromise, and judgment was rendered and signed on July 31, 1964. In accordance with the terms of the judgment the defendant insurer paid plaintiff the sum of $1,800.00 in cash, receipt of which was duly acknowledged.
The burden of plaintiff’s complaint in this action is that the compromise settlement was based upon:
“ * * * promises and inducements constituting fraud, misrepresentations of true material facts, and other vices of consent, effecting the validity of this particular contract and compromise.”
Plaintiff’s allegation of fraud is based upon the contention that his employer violated its promise to return him to work and reinstate him in its employment, which promise was the moving consideration which induced him to enter into the compromise agreement. The identical contention was made in the case of Burroughs v. Maryland Casualty Co. (2nd Cir., 1958, writs denied), 102 So.2d 271, in which plaintiff’s action for annulment of a compromise settlement was rejected by the court by reason of his failure to sustain the burden of proof.
In the case before us plaintiff’s testimony to the effect that his employer had promised to return him to work stands alone without any degree of adequate support or corroboration. Defendant employer’s assistant manager, who conducted the negotiations with plaintiff in connection with his compensation claim, positively denied making any promise to return plaintiff to work,'and further testified that his efforts to discuss plaintiff’s return to work were evaded and postponed by plaintiff, whose interest and concern was directed toward effecting a compromise settlement. The testimony of plaintiff’s court appointed attorney, who approved the compromise settlement, was that although plaintiff had informed him he had been promised re-employment, there had been no verification of this asserted promise. This witness was, therefore, unable to corroborate plaintiff’s testimony that the promise had been made.
Finally, we think it is important to observe that the petition for the compromise settlement and the judgment rendered contains no reference to any condition or representation aside from the monetary consideration.
Our examination of the record convinces us that plaintiff has completely failed to sustain the burden of proof with respect to his claim of fraud and misrepresentation.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.